# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Joseph Myles Brown, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:18-cv-1284-TMC |
| v. ) | |
| ) | **ORDER** |
| Charles Nations, M B Blackmon, ) | |
| ) | |
| Defendants. ) | |

On May 9, 2018, Plaintiff Joseph Myles Brown, Jr. ("Brown"), a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1). Before the court are Defendants' motion for summary judgment, (ECF No. 37), and Brown's motion to stay, (ECF No. 55). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. The magistrate judge issued a Report and Recommendation ("Report") recommending that the court grant Defendants' motion for summary judgment (ECF No. 56). Brown filed objections to the Report. (ECF No. 58). The matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a

specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Factual Background and Procedural History

In his complaint, Brown alleges that Defendants, who are investigators with the Laurens County Sheriff's Department, conducted an illegal search in violation of the Fourth Amendment and provided false information in their application for a search warrant that resulted in a conviction for which he is currently incarcerated. (ECF No. 1 at 4-7). Specifically, Brown alleges that officers came to his residence to serve him with an arrest warrant and that he immediately stepped outside and was handcuffed and mirandized. *Id*. at 5-6. Brown alleges that Defendant Nations then entered the premises "without consent" and conducted a search. *Id*. at 7. According to Brown, Defendant Blackmon subsequently obtained a search warrant by submitting a supporting affidavit falsely stating that officers "had been 'allowed'" into Brown's house and that "they had found [Brown] in the bathroom area by a hole in which a confidential source said narcotics were hidden." *Id*. Brown contends that Defendants "obtained the search warrant by lying, *after* they had already searched [his] home." *Id*. The search of Brown's house yielded items including Sudafed,

paraphernalia for manufacturing methamphetamine, and what appeared to be methamphetamine residue. (ECF Nos. 37-1 at 3, 37-2 at 6-7).

On September 10, 2018, Defendants filed a motion for summary judgment (ECF No. 37), arguing that the alleged "search" performed prior to obtaining a search warrant was merely "a protective sweep of the residence to ensure no one was in there that may possibly harm the deputies," (ECF No. 37-1 at 6), and that Brown "failed to provide any evidence that the defendants deliberately or with a reckless disregard for the truth made material false statements or omitted material facts with the intent to make . . . the affidavit misleading," *id.* at 8. Defendants also asserted qualified immunity against Brown's claims. *Id*. at 9-11.

On September 18, 2018, Brown pled guilty to distribution of methamphetamine and disposal of methamphetamine waste. (ECF No. 37-3 at 3,7). Nevertheless, for the alleged constitutional violations committed by Defendants, Brown seeks monetary damages for lost income and mental "stress." (ECF No. 1 at 6).

Defendants concede that "[t]he search warrant mistakenly identifies that the plaintiff was found in the bathroom next to a hole in the floor when it was in fact Tanya Gedding who was found in the bathroom." (ECF No. 37-1 at 8). Defendants suggest that this inaccuracy, however, was "insufficient to invalidate a warrant" and that "[t]he officers still had probable cause to search the residence based on the

3

distinct odor of marijuana that was apparent" to Deputy Shepard when he made an earlier trip to Brown's house. *Id.* at 2, 8. Brown filed a response, arguing, among other things, that the affidavit was misleading because it implied that Defendants detected the marijuana odor, not Deputy Shepard, and that Deputy Shepard was not trained in narcotics detection. (ECF No. 42 at 4). Brown also disputes that the hole in the floor was used for concealing narcotics. *Id*. at 5.

On June 24, 2019, the magistrate judge issued an order *sua sponte* directing the parties to submit briefs addressing the application of *Heck v. Humphrey*, 512 U.S. 477 (1994), "[i]n light of [Brown's] current status as a state prisoner located in the custody of the South Carolina Department of Corrections at Livesay Correctional Institution." (ECF No. 50 at 2). In Defendants' response to the June 24 order, they contend that, "[i]n accordance with the holding in *Heck*, to the extent the plaintiff makes any allegations that are an attack on the validity of his criminal convictions and prison sentence[,] the plaintiff is precluded by law from making any such claims" as "plaintiff has failed to present any evidence that he has challenged his convictions" or "received a favorable termination of them." (ECF No. 53 at 2). Brown responded to the June 24 order by filing a motion for a stay of this action while he challenges his convictions. (ECF Nos. 54, 55). Brown did not dispute Defendants' position regarding the application and effect of *Heck*.

4

On July 10, 2019, the magistrate judge issued his Report concluding that Brown's claims are barred by *Heck* and recommending that the court grant Defendants' motion for summary judgment and dismiss the action without prejudice. (ECF No. 56 at 5, 6). The magistrate judge further recommended that Brown's motion to stay be denied, noting that his "underlying criminal charges and his conviction and sentence remain valid," that "his civil claims cannot proceed until he demonstrates otherwise," and that he has offered "nothing to show" a "likelihood of success" in invalidating his convictions. *Id.* at 6. The magistrate judge determined that "[i]t would be inefficient and unnecessary to enter a stay here with no end in sight, rather than dismiss the action without prejudice." *Id*.

## II. Legal Standards

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248. A litigant "cannot create a genuine issue of material

5

fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." *Monahan v. Cty. of Chesterfield*, 95 F.3d 1263, 1265 (4th Cir. 1996).

"The decision to grant a stay is within the 'sound discretion' of a federal district court." *Brown-Thomas v. Hynie*, No. 1:18-cv-02191-JMC, 2019 WL 1043724, at *3 (D.S.C. Mar. 5, 2019) (citing *Ryan v. Gonzales*, 568 U.S. 57, 74 (2013)). The burden rests on "the party seeking a stay" to "justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Id*. (internal quotation marks omitted).

### III. Discussion

Although Brown filed what purported to be objections to the Report (ECF No. 58), he does not object to the magistrate judge's conclusion that *Heck* bars his claims. Instead, Brown simply renews his motion for a stay so that he can have sufficient time "to properly challenge the state." *Id*. at 1. In their reply, Defendants respond that dismissal of this action without prejudice, as recommended by the magistrate judge, would permit Brown "to re-file if he so chooses when the matter is ripe" but that Brown has not challenged his conviction to date. (ECF No. 60).

6

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court finds no clear error and adopts the Report (ECF No. 56), which is incorporated herein by reference. Accordingly, the court **GRANTS** Defendants' motion for summary judgment, (ECF No. 37), and **DENIES** Brown's motion to stay, (ECF No. 55). The court **DISMISSES** this action without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
August 8, 2019

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.